**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| Donald Hackett | ) | CASE NO.: 1:24-cv-97 |
|  | ) |  |
|  | ) | JUDGE: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **COMPLAINT** |
|  | ) | **(ERISA)** |
| Hartford Life and Accident | ) |  |
| Insurance Company | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Now comes Plaintiff, Donald Hackett (hereinafter "Hackett" and/or "Plaintiff"), and for his complaint against Defendant, Hartford Life and Accident Insurance Company (hereinafter "Hartford" and/or "Defendant"), states as follows:

**JURISDICTION & VENUE**

1.     Plaintiff is a resident of Wyoming County, New York, and a substantial part of the events, transactions, and occurrences material to his claim for Long Term Disability ("LTD") benefits took place in the Western District of New York.

2.     Plaintiff is a covered participant as a sponsored employee through the Derrick Corporation Group Benefit Plan (hereinafter referred to as the "LTD Plan"), administered by Defendant.

3.     At all times relevant hereto, Defendant Hartford was the underwriter, provider of benefits, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Hartford was an "administrator" and/or a "fiduciary" for the Plan, as

1

those terms are defined by 29 U.S.C. §§1002(16) & (21). Here, upon information and belief, Hartford serves as both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits.

4.    At all times relevant, Defendant Hartford was licensed to do business in the State of New York by the New York Department of Financial Services.

5.    Defendant administers the LTD Plan on behalf of Plaintiff's employer and has assumed all contractual liability under the Plan.

6.    The LTD Plan is an ERISA governed plan as defined in 29 U.S.C. § 1002, *et seq*.

7.    Plaintiff asserts his claim under ERISA §502(a)(1)(B).

8.    Plaintiff has standing pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. §1132(a)(1)(B)) and states that benefits under the LTD Plan have been wrongfully withheld, that his rights have therefore been wrongfully denied and that future benefits will not be paid as a result of Defendant's actions.

9.    Defendant has wrongfully terminated benefits under the LTD Plan.

10.    Plaintiff has exhausted all appeals and has received a final LTD denial letter from Defendant dated September 13, 2023.

### COUNT ONE - ERISA
### (Long-Term Disability Policy)

11.    Plaintiff reaffirms and re-alleges the allegations in the preceding paragraphs as if fully rewritten herein.

12.    Defendant has a conflict of interest and is biased as a result of being the decision-maker and payer/liable party under the terms of the LTD Plan.

13.    Plaintiff had been diagnosed with various medical problems within the knowledge of

Defendant and has been and continues to be treated for the disorders.

14.     Plaintiff submitted a claim for LTD benefits with a disability onset date of January 8, 2020.

15.     Defendant paid LTD benefits from April 7, 2020, through September 8, 2022.

16.     Defendant ceased Plaintiff's LTD benefits as of September 9, 2022, in a decision dated September 9, 2022.

17.     Plaintiff appealed Defendant's decision to deny LTD benefits on September 20, 2022, and ultimately received a final claim denial from Defendant on September 13, 2023.

18.     Plaintiff has provided Defendant with substantive, credible evidence that he is totally disabled as a result of his medical problems, has performed all conditions required of him under the LTD Plan and has been and is entitled to LTD benefits and other associated benefits under the Plan.

19.     Defendant has wrongfully, and/or arbitrarily and capriciously refused to pay Plaintiff's LTD benefits and any other benefits in violation of the terms of its LTD Plan, in violation of 29 U.S.C. 1132(a) *et seq*.

20.     As a direct and proximate result of the above-referenced decision to deny benefits, Plaintiff has suffered the loss of benefits to which he has been and is entitled, and has incurred expenses in appealing the wrongful, arbitrary, and capricious denial.

WHEREFORE, Plaintiff prays as follows:

A.     That Plaintiff has the right to receive LTD benefits pursuant to the terms and conditions set forth in the LTD Plan;

B.     That Defendant reinstate Plaintiff, pay any arrearage owed, and pay ongoing LTD benefits to him;

C.     That all of Plaintiff's rights under the LTD Plan be honored;

D.      That Plaintiff is entitled to receive future benefits under the LTD Plan so long as he remains totally disabled and performs all conditions required of him pursuant to the LTD Plan;

E.      That Plaintiff is entitled to all additional or associated benefits as a result of being found disabled and that same be reinstated;

F.      That Plaintiff be awarded pre-judgment and post-judgment interest, costs, and reasonable attorney fees as determined by the Court, and for all other relief in law or equity to which he is entitled; and

G.      That Plaintiff be permitted to conduct discovery due to Defendant's bias as the payer and decision-maker of Plaintiff's claim for LTD benefits.

Respectfully submitted,

*/s/Andrew November*
Andrew November
Liner Legal, LLC
4269 Pearl Road, Suite 104
Cleveland, Ohio 44109
T: (216) 282-1773
F: (216) 455-7400
anovember@linerlegal.com