UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DONALD HACKETT,<br><br>        Plaintiff,<br><br>-v-<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No. 1:24-cv-00097-JLS<br><br>**ANSWER TO COMPLAINT** |

Defendant Hartford Life and Accident Insurance Company ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., answers the Complaint, filed by Plaintiff Donald Hackett ("Plaintiff" or "Hackett") on January 25, 2024 (Dkt. 1) (the "Complaint"), as follows:

**<u>RESPONSE TO "JURISDICTION & VENUE"</u>**

1.     Defendant is without knowledge, information, or belief as to the allegations contained in Paragraph 1 of the Complaint. Therefore, it denies them.

2.     The allegations contained in Paragraph 2 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff, as an employee of Derrick Corporation, was a participant in the Derrick Corporation Group Long Term Disability Plan No. 501 (the "Plan") underwritten by Hartford Life and Accident Insurance Company Policy No. GLT-882257 (the "Policy"). Except as expressly admitted, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.     Defendant admits that it is the underwriter and claims administrator of the Plan and that it provides long-term disability income benefits in accordance with the Plan and subject to the Policy's terms and conditions. The remaining allegations contained in Paragraph 3 of the

Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies them.

4.     Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.     Defendant admits that it is the underwriter and claims administrator of the Plan and that it provides long-term disability income benefits in accordance with the Plan and subject to the Policy's terms and conditions. The remaining allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies them.

6.     The allegations contained in Paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the Plan is an employee welfare benefit plan subject to certain requirements of the Employee Retirement Income Security Act (ERISA), as amended. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.     Defendant admits that Plaintiff brings this action under ERISA § 502(a)(1)(B) but denies that Plaintiff's claims have merit and denies he is entitled to any relief.

8.     The allegations contained in Paragraph 8 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    The allegations contained in Paragraph 10 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant admits the allegations.

## RESPONSE TO "COUNT ONE-ERISA
### (Long-Term Disability Policy)"

11.     Defendant repeats, reiterates, and incorporates by reference each and every answer in Paragraphs 1 through 10 above as if fully set forth herein.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Plaintiff's medical records and records regarding his medical conditions and disability status are contained in the administrative record which speaks for itself. To the extent the allegations contained in Paragraph 13 of the Complaint are consistent with the administrative record, they are admitted. To the extent the allegations contained in Paragraph 13 are not consistent with the administrative record, they are denied.  Defendant is without knowledge, information, or belief as to whether or not Plaintiff continues to be treated for any disorders.  Therefore, Defendant denies that allegation.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

The unnumbered paragraph immediately following paragraph 20 of the Complaint, commencing with the word "WHEREFORE" and containing subparagraphs "A" through "G," states a purported demand for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the paragraph and each of its

-3-

subparagraphs and denies that Plaintiff is entitled to any judgment in his favor or any other relief.

## **GENERAL DENIAL**

Any allegation in the Complaint that is not expressly admitted herein is denied.

## **AS AND FOR DEFENDANT'S DEFENSES**

Defendant states the following affirmative and other defenses to the Complaint. By including any matter herein, Defendant in no way assumes any burden whatsoever (including, but not limited to, burdens of proof, production, or persuasion) which it would not otherwise have. Defendant asserts that at all times Plaintiff has the burden of proving each and every element of Plaintiff's claims as to both liability and damages.

1.      Plaintiff's claims are barred by the express terms and requirements of the applicable and governing Plan documents.

2.      Defendant at all times acted reasonably and in good faith toward Plaintiff.

3.      Plaintiff's claim is barred, in whole or in part, due to his own acts or omissions, which proximately caused and/or contributed to his alleged loss and/or injuries.

4.      To the extent Plaintiff has suffered any damages, such damages were caused by and are the responsibility of persons, parties, or entities other than Defendant.

5.      Defendant, as the claims administrator, has the exclusive right to interpret, construe, and implement the provisions of the applicable employee welfare benefit plan and to resolve all questions concerning eligibility of benefits, and in doing so, Defendant did not abuse its discretion.

6.      Any decision made by Defendant with respect to Plaintiff was not influenced by any conflict of interest.

7.      Plaintiff is not entitled to the benefits and relief sought because Plaintiff neither qualified for, nor was eligible for, the benefits at issue.

8. The causes of action and relief sought in the Complaint are barred or precluded by the terms, conditions, limitations, and exclusions contained in the relevant Plan documents.

9. Plaintiff's claims are barred because the plan administrator, and/or others acting on behalf of the Plan, fully performed and/or met their obligations, if any, to Plaintiff.

10. Plaintiff's claims are barred because all of the actions taken by or on behalf of the Plan toward or concerning Plaintiff were justified, taken in good faith and for legitimate purposes, within discretionary authority or scope of obligations established by the Plan, and not in violation of any obligation owed to Plaintiff.

11. The Court's review should be limited to examination of the administrative record created during the administrative review of Plaintiff's claim.

12. Plaintiff has suffered no loss or injury cognizable or compensable under the terms of the Plan.

13. Any relief recovered by Plaintiff must be offset by other similar benefits available, or already awarded, to Plaintiff to avoid a windfall pursuant to the terms of the applicable benefit plans.

14. Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in its favor and against Plaintiff, for all costs and attorneys' fees incurred by it in defending this action, and order all other relief that it deems appropriate.

Dated: April 9, 2024
     Fairport, New York

LITTLER MENDELSON, P.C.

By: */s/ Pamela S.C. Reynolds*
    Pamela S.C. Reynolds
    preynolds@littler.com
    375 Woodcliff Drive
    Suite 2D
    Fairport, NY 14450
    Telephone: 585.203.3400
    Facsimile: 585.203.3414

    *Attorneys for Defendant*
    *HARTFORD LIFE AND ACCIDENT*
    *INSURANCE COMPANY*